**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JIHAD ACHOUATTE,**

                **Petitioner,**      **Civil Action No.**
        **-v.-**      **9:11-CV-01146**
                                                                  **(GLS)**
**ERIC H. HOLDER,**

                **Respondent.**
_____

**APPEARANCES:**

**JIHAD ACHOUATTE, # 099 134 567**
 **Petitioner,** *pro se*
**Buffalo Federal Detention Center**
**4250 Federal Drive**
**Batavia, New York 14020**

**HON. GARY L. SHARPE, U.S. District Court Judge**

## ORDER

Petitioner Jihad Achouatte has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and motions to proceed *in forma pauperis*, for the appointment of counsel, and for a stay of deportation proceedings pending the outcome of his petition. *See* Dkt. Nos. 1-4.[1] Petitioner is confined at the Buffalo Federal Detention Center and has not

---

[1] All citations to the petition and other electronically filed documents are to the page numbers automatically assigned by the district court's Civil Management Electronic Case Filing (CM/ECF) system.

paid the filing fee required to maintain this action. For the reasons that follow, this action is dismissed.

## I. Background

Petitioner states that he was born in Morocco but is a "lawful permanent resident" of the United States. Dkt. No. 1 at 5. On December 29, 2004, his status was adjusted to conditional resident, and on June 8, 2007, the conditional provision was lifted. *Id.* at 6.

On October 15, 2007, Petitioner pleaded guilty to fourth degree criminal possession of a controlled substance in violation of New York law. Dkt. No. 1 at 6. As a result of the conviction, removal proceedings were commenced against Petitioner pursuant to section 237 (a)(2)(B)(i) of the Immigration and Nationality Act. *Id.* On March 23, 2009, Petitioner was ordered removed from the United States. *Id.* On July 8, 2009, the Board of Immigration Appeals (BIA) denied Petitioner's appeal. *Id.*

On December 21, 2009, Petitioner filed a petition for review in the United States Court of Appeals for the Second Circuit. He also filed motions to stay his removal and deportation, for the assignment of counsel, and to proceed *in forma pauperis*. Dkt. No. 1 at 7. *See Achouatte v. Holder*, 09-5234-ag (2d Cir.). On August 1, 2011, the

Second Circuit denied Petitioner's motions and dismissed his petition, ruling that the court lacked jurisdiction because the petition was untimely. Dkt. No. 1 at 7; *Achouatte*, 09-5234-ag (order dismissing petition, Aug. 1, 2011).[2]  The Circuit also ruled that Petitioner's "claim that he was prevented from timely filing his petition . . . due to government-created circumstances and ineffective assistance of counsel is more appropriately raised in a statutory motion to reopen filed with the Board of Immigration Appeals, requesting equitable tolling and reissuance of the final order of removal." *Id.*  (citing *Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011)).

## II.  The petition

In his petition, Petitioner argues that the Second Circuit erred when it denied and dismissed his petition because the court should have transferred the petition "to the district court pursuant to 28 U.S.C. § 1631." Dkt. No. 1 at 9.  Petitioner acknowledges that his action arises under the Immigration and Nationality Act (INA), but argues that filing a motion to re-open his case with the BIA is an " 'insufficient replacement' for habeas

---

[2]   On April 8, 2010, Petitioner filed a habeas petition in the Western District of New York pursuant to 28 U.S.C. § 2241 seeking release from continued detention pending the execution of a final order or removal.  *See Achouatte v. Holder et al*, No. 6:10-CV-06203, Dkt. No. 1.  On August 12, 2011, that petition was dismissed without prejudice with leave to re-file should it appear in the future that Petitioner's removal is no longer foreseeable.  *Id.,* Dkt. No. 12 at 11.  Petitioner does not challenge post-removal order detention in this action.

relief." *Id.* at 8. He further claims that counsel was ineffective because he did not properly advise Petitioner regarding his legal options, filed a "sham brief" with the BIA, and failed to timely inform him that the BIA issued its decision affirming the immigration judge's decision ordering Petitioner removed. *Id.* at 10. Finally, Petitioner argues that the government failed to timely inform him that the final order of removal was issued by the BIA on July 8, 2009. *Id.* at 11. Petitioner claims that, as a result of these circumstances, he was denied due process in the removal proceedings. *Id.* at 12. Petitioner asks that this Court issue orders (1) staying his removal pending the resolution of his petition; (2) releasing him on bail or other manner of supervision; and (3) vacating the order of removal, or, in the alternative, directing that he may file a new petition for review of the removal order based upon "equitable tolling and reissuance of the final order of removal." *See* Dkt. No. 1 at 14.

## III. Discussion

On May 11, 2005, the REAL ID Act of 2005 was signed into law. Pub. L. No. 109-13, Div. B, 119 Stat. 231. Various provisions of this law directly impact the availability of federal judicial review of removal orders entered by administrative immigration judges. Specifically, section 242(a)

of the Immigration and Nationality Act, 8 U.S.C. § 1252(c), was amended to clarify that district courts lack jurisdiction to review any removal order of any alien.  Section 106(a)(1)(B)(5), codified at 8 U.S.C. § 1252(a)(5), provides that the "sole and exclusive" means for challenging an order of removal is "[a] petition for review filed with an appropriate court of appeals."  8 U.S.C. § 1252(a)(5); *see Luna v. Holder,* 637 F.3d 85, 86 (2d Cir. 2011)("The sole and exclusive means for challenging a final order of removal is to file a petition for review in a federal court of appeals."); *Marquez-Almanzar v. I.N.S.*, 418 F.3d 210, 215 (2d Cir. 2005)(finding that 8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal).  Thus, the REAL ID Act eliminated the availability of a writ of habeas corpus "as a separate means of obtaining judicial review of a final order of removal."  *De Ping Wang v. Dep't. of Homeland Sec.*, 484 F.3d 615, 618 (2d Cir. 2007).

    Accordingly, this Court lacks jurisdiction to review the propriety of the final removal order issued against Petitioner, to vacate that order, or to grant equitable tolling and re-issue a final order of removal.  *Luna*, 637 F.3d at 86, 92; *De Ping Wang,* 484 F.3d at 618.  That is so even though Petitioner argues, as he did in his petition for review filed in the Second Circuit, that his effort to challenge his removal order was impeded by

government created circumstances and by ineffective assistance of counsel. Dkt. No. 1 at 9-14. The Second Circuit advised Petitioner that this argument was more appropriately raised "in a statutory motion to reopen filed with the Board of Immigration Appeals, requesting equitable tolling and reissuance of the final order of removal." *Achouatte*, 09-5234-ag (order dismissing petition, Aug. 1, 2011)(citing *Luna*, 637 F.3d at 104-05).

Section 106(c) of the REAL ID Act required district courts to transfer petitions to the court of appeals for the circuit in which the petition could have been properly filed if the petition was pending on May 11, 2005, the date the Real ID Act was enacted. *See Sikivou v. Dep't of Homeland Sec.*, No. 06 Civ. 5530, 2007 WL 2141564, at *1 (Jul. 25, 2007). Since Petitioner's petition was filed well after May 11, 2005, it may not be transferred to the Second Circuit Court of Appeals under Section 106(c).

Ordinarily, this Court would consider transferring this action to the Second Circuit in the interest of justice pursuant to 28 U.S.C. §1631, which provides that if an action is mistakenly filed in the wrong court, that court:

> shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed,

> and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. The Second Circuit has interpreted this section to mean that district courts are "required" to transfer a petition for review that was "mistakenly, but timely, filed in the district court." *De Ping Wang*, 484 F.3d at 617-18 (citing *Paul v. I.N.S.*, 348 F.3d 43, 46-47 (2d Cir. 2003). To be timely, the petition for review must be filed within thirty (30) days of the issuance of the final order of removal and "with the court of appeals for the circuit in which the immigration judge completed the proceedings." 8 U.S.C. §1252(b)(1)-(2). *See Luna,* 637 F.3d at 92.

Petitioner's petition will not be transferred to the Second Circuit pursuant to 28 U.S.C. § 1631 because that court has already ruled that his challenge to the removal order was untimely. *Achouatte*, 09-5234-ag (order dismissing petition, Aug. 1, 2011).

Finally, Petitioner's argument that the Second Circuit should have transferred his petition for review to this Court rather than dismissing it (Dkt. No. 1 at 9) is without merit because only a federal court of appeals may review challenges to final orders of removal. *Luna*, 637 F.3d at 86, 92. To the extent that Petitioner argues that filing a motion to re-open his

7

case with the BIA is an inadequate substitute for habeas relief, the Second Circuit has flatly rejected that argument.  See *Luna*, 637 F.3d at 104-05.

**WHEREFORE**, it is

**ORDERED,** that Petitioner's petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED AND DISMISSED WITH PREJUDICE**; and it is

**ORDERED**, that Petitioner's motions to proceed *in forma pauperis* (Dkt. No. 2), for the appointment of counsel (Dkt. No. 3) and to stay deportation proceedings pending the outcome of his petition (Dkt. No. 4) are **DENIED AS MOOT**; and it is

**ORDERED**, that no certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is

**ORDERED** the Clerk of the Court shall serve a copy of this Order on Petitioner in accordance with the Local Rules.

October 14, 2011.

*[signature: Gary L. Sharpe]*
Gary L. Sharpe
U.S. District Judge

8